UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Isaac D. Narvaez Gomez,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 17-0217 (CKK) |
| | : | |
| **John F. Kelly** *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff is a native of Venezuela who resides in Walterboro, South Carolina. Currently, he is a student at the University of South Carolina. Plaintiff initiated this action by filing a Petition for a Writ of Mandamus and Complaint for Declaratory Judgment, which he recently amended. *See* Pet. [Dkt. # 12]. Plaintiff seeks to compel the government to adjudicate his "Form I-589, Application for Asylum and for Withholding of Removal," which he alleges the government received on June 9, 2016. Pending before the Court is plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Mot."). For the reasons explained below, the motion will be denied.

**I.  LEGAL STANDARD**

Temporary restraining orders and preliminary injunctions are extraordinary remedies. A temporary restraining order can be granted only if:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1). The standard for obtaining injunctive relief through either a temporary restraining order or a preliminary injunction is well established. A moving party must show: (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the

1

injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see Hall v. Johnson*, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) ("The same standard applies to both temporary restraining orders and to preliminary injunctions.").

In applying the four-factored standard, district courts may employ a sliding scale as to which a particularly strong showing in one area can compensate for weakness in another. *Hall*, 599 F. Supp. 2d at 3 (quoting *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir. 2005)). Nevertheless, both the United States Supreme Court and the Court of Appeals for the D.C. Circuit have emphasized that a movant must show at least some likelihood of irreparable harm in the absence of an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (holding that a plaintiff must "demonstrate that irreparable injury is likely in the absence of an injunction," and not a mere "possibility"); *CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (holding that a plaintiff must demonstrate " 'at least some injury' for a preliminary injunction to issue . . . [because] 'the basis of injunctive relief in federal courts has always been irreparable harm . . . ' ") (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). This is because a preliminary injunction "ordinarily is sought to preserve the status quo pending the resolution of the underlying litigation . . . . a preliminary injunction that would change the status quo is an even more extraordinary remedy." *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013), *aff'd sub nom. Abdullah v. Obama*, 753 F.3d 193 (D.C. Cir. 2014) (citations omitted).

## II.  DISCUSSION

As the basis for the TRO, plaintiff asserts that he "continues to suffer from the irreparable harm regarding the allegations set forth on paragraphs 35 and 36 of the Amended Complaint." Mot. at 2.  Those paragraphs set forth plaintiff's claims against President Donald J. Trump in his official and individual capacities.  The claims can be described as a general rebuke of (1) President Trump's recently issued Executive Orders regarding immigration, which, according to plaintiff "are violent in nature and pointlessly aggressive towards asylee/refugees (and other immigrants in general)," and (2) President Trump's "intentional taunts on social media platforms such as 'Twitter.'" Am. Compl. ¶ 35.  In the instant motion, plaintiff asserts that he has suffered "irreparable loss of enjoyment of life, emotional distress, and loss of consortium . . . due to the harmful posts defendant Donald J. Trump communicates via social media[.]" Mot. at 2. Plaintiff concludes that he "will continue to suffer irreparable harm if immediate injunctive relief does not issue," *id.*, but he has not specified the action to be restrained and, most importantly, he has not cited any authority that would permit this Court to enjoin the President of the United States from communicating via social media.

In sum, "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail-- and not by referring to the complaint or other document--the act or acts restrained or required. Fed. R. Civ. P. 65(d).  The instant motion is completely devoid of facts to permit the Court to fashion such an order.  Therefore, it will be denied.  A separate Order accompanies this Memorandum Opinion.

_____s/_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge

Date:  February 27, 2017